IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| GLEN RODGERS, JR., on behalf of himself and all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>**SILVERTIP COMPLETION SERVICES OPERATING, LLC and MICHAEL WOOD**<br><br>*Defendants*. | **Civil Action No.**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiff Glen Rodgers Jr., individually and on behalf of those similarly situated, files this Class Action Complaint against Silvertip Completion Services Operating, LLC ("Silvertip") and Michael Wood (collectively, "Defendants"), and in support shows the following:

### BACKGROUND

1. Silvertip is a Midland-based oilfield services company that provides case-hole wireline services to its customers throughout the Permian Basin.

2. Defendant Wood is the President of Silvertip and has served in that role since Silvertip's inception.

3. Defendants employed Plaintiff and other individuals to directly and indirectly provide oilfield services to Defendants' customers and paid them on a non-exempt basis ("Non-Exempt Employees" or "NEEs"), but failed to pay them overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-19, *et seq*.

4. Defendants violated the FLSA and the NMMWA by miscalculating the overtime rate paid to NEEs for overtime hours worked. Specifically, Defendants failed to include job bonuses

earned by NEEs into their regular rates of pay to determine overtime compensation. This policy did not depend on the job title or the specific work performed to earn the job bonuses. Rather, Defendant categorically excluded **all** job bonuses provided to NEEs from the regular rate of pay. Defendants' policy of categorical exclusion of job bonuses from the regular rate ("Uniform Miscalculation Policy") violated the FLSA and the NMMWA.

5. Plaintiff brings his NMMWA claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay him and the members of the Class (as defined below) for all earned overtime pay.

THE PARTIES

6. Plaintiff is an individual who worked for Defendants as an NEE from approximately August 2018 to April 2019. He has attached his consent to participate in this action as Exhibit A.

7. Silvertip is a Delaware limited liability company with its principal place of business in Midland, Texas.

8. Defendant Wood is an individual residing in Midland, Texas.

9. Defendants maintain operations throughout the Permian Basin, including in New Mexico.

JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. *See* U.S.C. § 216(b).

11. This Court has supplemental jurisdiction over Plaintiff's NMMWA claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as Plaintiff's FLSA claims.

12. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**FACTUAL ALLEGATIONS**

13. Plaintiff worked as a NEE for Defendants, including in New Mexico, in the last two years.

14. Defendants employed Plaintiff and other NEEs to directly and indirectly provide wireline services to Defendants' customers.

15. Plaintiff and other NEEs regularly worked in excess of 40 hours per week.

16. Defendants did not include job bonuses earned by Plaintiff or other NEEs in their regular rates when calculating overtime pay.

17. Defendants knew about the FLSA's and NMMWA's overtime requirements.

18. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and other NEEs proper overtime compensation.

19. Defendants are an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

20. Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

21. Defendants had more than $500,000 in sales made or business done in each of the last three calendar years.

22. At all relevant times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

23. During his employment, Plaintiff was an "employee" of Defendants as defined by the FLSA in 29 U.S.C. § 203(e).

24. During his employment, Defendants were Plaintiff's "employer" as defined under the FLSA in § 203(d).

25. During his employment, Plaintiff was an "employee" of Defendants as defined by the NMMWA in N.M. Stat. Ann § 50-4-21(c).

26. During Plaintiff's employment, Defendants were Plaintiff's "employer" as defined by the NMMWA in N.M. Stat. Ann. § 50-4-21(b).

## CLASS ACTION ALLEGATIONS

27. Plaintiff also seeks class certification of the following state law class under Fed. R. Civ. P. 23:

> **All workers employed by Defendants in the last three years who were paid on a non-exempt basis and in one or more workweeks performed work in New Mexico and were paid a job bonus (the "Class").**

28. The Class has more than 40 members.

29. As a result, the Class is so numerous that joinder of all members is not practical.

30. There are questions of law or fact common to members of the Class, including (1) whether Defendants included job bonuses in the regular rate for purposes of calculating overtime for Class members; (2) whether the job bonuses paid to Class members constituted discretionary or non-discretionary bonuses; and (3) the proper measure of damages if the Uniform Misclassification Policy violated the NMMWA.

31. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendants' uniform compensation practices.

32. Defendants' defenses to Plaintiff's claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

33. Plaintiff can fairly and adequately protect the interests of the Class members because he has no interests adverse to the Class.

34. Plaintiff can fairly and adequately protect the interests of the Class members because he has retained counsel experienced in class action employment litigation.

35. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

36. Plaintiff and the members of the Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

37. If individual actions were required to be brought by each member of the Class injured or affected by Defendants' common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendants.

38. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39. The books and records of Defendants are material to the Class members' claims because they disclose the hours worked by each member of the Class and the rates at which Class members were paid.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff incorporates here the previous allegations of this Complaint.

41. This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times his regular rate when he worked over 40 hours in individual workweeks.

42. Plaintiff was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

43. Defendants violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

44. Defendants' failure to pay Plaintiff one-and-one-half times his regular rate for all time worked over 40 hours in a workweek was willful, as Defendants were aware or should have

been aware that the FLSA required them to include job bonuses in the regular rate of pay for purposes of calculating overtime.

## COUNT II
### VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

45. Plaintiff incorporates here the previous allegations of this Complaint.

46. Defendants suffered and permitted Plaintiff and members of the Class to work over 40 hours in one or more individual workweeks.

47. Defendants violated the NMMWA by failing to pay overtime to Plaintiff and the Class members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

### JURY DEMAND

48. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.  An Order certifying the Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4);

B.  All unpaid overtime wages due to Plaintiff and the Class members;

C.  Pre-judgment and post-judgment interest;

D.  Liquidated damages equal to the unpaid overtime compensation due;

E.  Treble damages equal to double the unpaid overtime compensation due;

F.  Such other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Travis M. Hedgpeth*

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
**THE HEDGPETH LAW FIRM, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621
STACY W. THOMSEN
California Bar No. 274282
**SIEGEL LAW GROUP PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**